**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    v.
                                         **96-CR-92**

**HENRY PAUL,**
        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

      On January 6, 1997 Defendant Henry Paul pleaded guilty to Count 1 of Indictment No. 96-CR-62 charging him with conspiring to possess with the intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841 (a)(1). Paul's guilty plea was pursuant to a Plea Agreement under former Fed. R. Civ. P. 11(e)(1)(C) which contained an agreed-upon sentence of 180 months with the possibility of a further reduction based upon Paul's cooperation with prosecutors.

      At sentencing, the Court determined Paul's United States Sentencing Guidelines ("USSG") offense level to be a 40 and his criminal history category to be a IV, which, had it not been for the Rule 11(e)(1)(C) agreement, would have resulted in a USSG range of 360 months to life imprisonment. However, because the Court had accepted the parties' agreement and because the Court granted the Government's motion for an additional reduction based upon Paul's cooperation, the Court sentenced Paul to 151 months imprisonment.

      Defendant now seeks a further sentence reduction pursuant to 18 U.S.C. §

1

3582(c)(2) in light of the retroactive application of Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G.") for crack cocaine offenses. The motion is denied.

18 U.S.C. § 3582(c)(2) provides in relevant part:

"[I]n the case of a defendant *who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(2)(emphasis added).

Defendant Paul was not sentenced *"*based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but rather was sentenced upon the parties' Rule 11(e)(1)(C) agreement and the Government's subsequent motion. To the extent that Amendment 706 could be applied to Paul's case, it would reduce his USSG range to 324 - 404 months imprisonment, well beyond that imposed by this Court.

It is therefore

**ORDERED** that Defendant's motion to reduce his sentence is **DENIED**.

DATED: June 19, 2008

_____
Thomas J. McAvoy
Senior, U.S. District Judge